# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**TORRANCE N. RUSSELL**  **PLAINTIFF**
**ADC #149698**

### CASE NO. 4:17-CV-300-JLH-BD

**WATSON and DOES**  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Any party may file written objections to this Recommendation. If objections are filed, they must be specific and must include the factual or legal basis for your objection. Objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**  **Discussion**

Torrance N. Russell, formerly an inmate at the Wrightsville Unit of the Arkansas Department of Correction ("ADC"), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In his complaint, Mr. Russell claimed that ADC mail room personnel violated his constitutionally protected rights by opening confidential legal mail from his attorney, by placing a different address on the front of the envelope,

by placing the mail back in the envelope, and by sending it to another ADC unit. Mr. Russell named Warden Watson and unknown mail room employees as Defendants.

The Court has already dismissed Mr. Russell's claims against Defendant Watson. (#17) His only remaining claims are against the unknown Doe Defendants.

By order of June 12, 2017, the Court required Mr. Russell to identify the Doe Defendants so that they could be served with process within the ninety days allowed by the Federal Rules of Civil Procedure. (#7) As of this date, Mr. Russell has failed to identify the Doe Defendants, and the time allowed by the Rules for service of process and the time allowed in the Court's June 12, 2017 Order has expired. See FED.R.CIV.P. 4(m). Mr. Russell was cautioned that his failure to comply with the Court's June 12 Order could result in the dismissal of his claims against the Doe Defendants.

### III. Conclusion

The Court recommends that Mr. Russell's claims against the Doe Defendants be DISMISSED, without prejudice, based on his failure to comply with the Court's June 12, 2017 Order and the Federal Rules of Civil Procedure.

DATED this 12th day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE